UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| STEVEN DWIGHT HOPKINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 2:18-CV-016; 2:16-CR-055 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Petitioner Steven Dwight Hopkins has filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, along with a "Motion for Appointment of Counsel and Evidentiary Hearing." [Docs. 1, 2].[1] The United States has responded in opposition [doc. 6], and Petitioner has not replied.[2]

The matter is now ripe for resolution. The Court finds the materials submitted, together with the record of the underlying criminal case, conclusively show that Petitioner is not entitled to relief on the claims asserted. Accordingly, the Court will decide this matter without an evidentiary hearing. *See* 28 U.S.C. § 2255(b). For the reasons discussed below, the Court finds that Petitioner's motions are without merit. The motions will be denied and this action will be dismissed with prejudice.

---

[1] All docket references are to Case No. 2:18-CV-016 unless otherwise noted.

[2] Prior to the filing of the government's response, Petitioner filed a second § 2255 motion. [Doc. 3]. That motion was identical to the original. The Court terminated the second filing as duplicative by order entered May 2, 2018. [Doc. 5].

I.

*Background*

Along with 26 other persons, Petitioner was charged in an 80-count indictment pertaining to methamphetamine distribution and firearm possession by members and associates of the "Chicken Head Mafia." [Case No. 2:16-CR-055, doc. 6]. Petitioner was named in three of those counts.

In November 2016, Petitioner entered into a plea agreement with the government. [*Id.*, docs. 290-291]. He agreed to plead guilty to Count One, a conspiracy to distribute and possess with the intent to distribute 50 grams or more of actual methamphetamine in violation of sections 841(a)(1), 841(b)(1)(A), and 846 of Title 21, United States Code.

Prior to Petitioner's change of plea hearing, the United States filed a notice of intent to seek increased punishment, pursuant to 21 U.S.C. § 851, due to Petitioner's prior felony drug conviction. [Case No. 2:16-CR-055, doc. 246]. The plea agreement (signed by Petitioner) stated the applicable mandatory minimum sentence—240 months—"[b]ecause of the defendant's prior felony drug conviction." [*Id.*, doc. 290, p. 1].

In his plea agreement, Petitioner acknowledged that he conspired to distribute and possess with the intent to distribute at least 1.5 but less than 4.5 kilograms of actual methamphetamine during a 23-month period commencing in June 2014. [*Id.* p. 2]. Petitioner admitted that he was a member of the Chicken Head Mafia and that he "was one of the most trusted co-conspirators." [*Id.*, p. 7]. Petitioner further admitted that "[d]uring portions of the conspiracy, the defendant obtained eight to ten ounces of methamphetamine

2

a week from [lead defendant] Rick Munsey. The defendant sold quantities of methamphetamine to a large customer base in and around the Hamblen County, Tennessee area." [*Id.*]. The plea agreement also cites occasions on which Petitioner was found in possession of, or sold, or discussed his sales price for, quantities of methamphetamine. [*Id.*, p. 2-6]. Additionally, the plea agreement contains Petitioner's waiver of most of his appellate rights, along with a waiver of the right to file any motions or pleadings pursuant to § 2255 except as to "(i) prosecutorial misconduct not known to the defendant by the time of the entry of judgment and (ii) ineffective assistance of counsel." [*Id.*, p. 12].

On December 8, 2016, the Court conducted a change of plea hearing. Although there is no transcript of that hearing in the record, the Court recalls confirming that Petitioner understood the charge to which he was pleading guilty, including the mandatory minimum 240-month term of imprisonment required by his prior felony drug conviction. The Court also recalls confirming Petitioner's understanding of the waiver of most of his appellate and § 2255 rights.

The probation office subsequently disclosed its Presentence Investigation Report ("PSR"). [*Id.*, doc. 411]. Petitioner's base offense level was 36, pursuant to United States Sentencing Commission Guidelines Manual ("U.S.S.G.") § 2D1.1(c)(2), based on the quantity of actual methamphetamine (1.5 to 4.5 kilograms) admitted by Petitioner in his plea agreement. [Case No. 2:16-CR-055, doc. 411, ¶ 26]. After application of a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, Petitioner's total offense level was 33. [*Id.*, ¶¶ 33-35]. With a criminal history category of VI,

3

Case 2:16-cr-00055-RLJ-DHI   Document 969   Filed 04/23/20   Page 3 of 14   PageID #: 6988

Petitioner's advisory guideline range was 235 to 293 months, restricted to 240 to 293 months by the enhanced mandatory minimum. [*Id.*, ¶ 89].

The Court held Petitioner's sentencing hearing on March 16, 2017, and imposed a sentence of 240 months' imprisonment. Petitioner did not file a direct appeal of his sentence or conviction. Instead, he submitted this timely *pro se* § 2255 motion to vacate on February 16, 2018.

II.

*Standards of Review*

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Jefferson v. United States*, 730 F.3d 537, 549-50 (6th Cir. 2013) (applying *Brecht* test to § 2255 motion). A petitioner "must clear a significantly higher hurdle than would exist on direct appeal" to secure collateral relief. *United States v. Frady*, 456 U.S. 152, 166 (1982); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *Frady*, 456 U.S. at 166).

4

"[A] pro se petitioner's section 2255 motion is entitled to a generous construction." *Fields v. United States*, 963 F.2d 105, 109 (6th Cir. 1992). Nevertheless, when a movant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A motion that merely states general conclusions of law without substantiating its allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959).

When a § 2255 movant claims he was denied his Sixth Amendment right to effective assistance of counsel, a court must presume that counsel provided effective assistance, and the movant bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003). To meet that burden, a petitioner must prove that specific acts or omissions by his attorney were deficient and that the attorney failed to provide "reasonably effective assistance," which is measured by "prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "[T]he constitutional right at issue here is ultimately the right to a fair trial, not to perfect representation." *Smith v. Mitchell,* 348 F.3d 177, 206 (6th Cir. 2003) (citing *Strickland*). A court's "role on habeas review is not to nitpick gratuitously counsel's performance." *Smith*, 348 F.3d at 206.

Next, a petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome," *id.*, and "requires a substantial, not just conceivable, likelihood

5

of a different result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (citation and internal quotation marks omitted). The prejudice test is modified in the context of a guilty plea— a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. Furthermore, if "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.* at 697.

A petitioner alleging ineffective assistance of counsel bears "a heavy burden of proof." *Pough v. United States*, 442 F.3d 959, 966 (6th Cir. 2006) (citation omitted). "Surmounting *Strickland*'s high bar is never an easy task . . . and the strong societal interest in finality has 'special force with respect to convictions based on guilty pleas.'" *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010), and *United States v. Timmreck*, 441 U.S. 780, 784 (1979)).

III.

*Discussion*

Petitioner raises four claims of ineffective assistance of counsel. The Court will address in turn the claims presented, along with Petitioner's "Motion for Appointment of Counsel and Evidentiary Hearing."

## A. Claim One

Petitioner first alleges that his attorney "failed to inform the Court that a lot of drugs was planted on me by" a police officer "and said I cannot show proof of that." [Doc. 1, p. 5]. Petitioner further alleges that the officer was "recent[ly] arrest[ed]." [*Id.*].

The Court first observes that this claim is factually unsupported. Petitioner does not state when or where this purported event happened, even though he would surely be aware of those specifics had the event indeed occurred. Petitioner's unsubstantiated first claim is thus without legal merit. *Loum*, 262 F.2d at 867.

In any event, Claim One fails at *Strickland*'s second prong. Petitioner has not demonstrated how the result of this proceeding would have been different if counsel had raised the issue of the purportedly rogue officer, nor has Petitioner alleged that he would have chosen not to plead guilty and instead proceeded to trial. Allegations of officer malfeasance aside, Petitioner admitted in his plea agreement (and confirmed under oath at his change of plea hearing) that he was one of the most trusted members of the Chicken Head Mafia, moving eight to ten ounces of methamphetamine per week during portions of the conspiracy to "a large customer base." He admitted (and confirmed under oath) that he conspired to distribute and possess with the intent to distribute "a conservative estimate" of at least 1.5 to 4.5 kilograms of methamphetamine.

As the Supreme Court has explained, "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the

7

face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The "conservative" methamphetamine quantity admitted by Petitioner (at least 1.5 kilograms) support both his conviction under 21 U.S.C. § 841(a)(1) (requiring only 50 grams) and his resulting guideline offense level (requiring at least 1.5 kilograms), irrespective of any alleged and unspecified officer misconduct.

Petitioner's Claim One will be denied.

### B. Claim Two

By his second claim, Petitioner argues that his attorney was ineffective for "fail[ing] to withdraw my plea after I was sentence[d] and after I requested him to do so." [Doc. 1, p. 6]. This allegation, if true, would not amount to deficient performance by the attorney. A criminal defendant cannot withdraw his plea after he has been sentenced. *See* Fed. R. Crim. P. 11(d)-(e). "After the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack." Fed. R. Crim. P. 11(e).

Claim Two will be denied.

### C. Claim Three

Petitioner next contends that counsel was ineffective by "fail[ing] to object at the plea sentence on the plea and (Presentence Report)." [Doc. 1, p. 7] (grammar as in original). In support of this claim, Petitioner lists three purported errors in the PSR and claims that he "requested my attorney to seek reduction on these issue's but he never did." [*Id.*, p. 8-9] (grammar as in original).

8

First, Petitioner states that he was "not given any reduction for acceptance of responsibility pursuant to 4B1.1(c)(3) and 3E1.1." This allegation is flatly incorrect. At paragraphs 33 through 35, the PSR reduced Petitioner's offense level by three for full acceptance of responsibility under U.S.S.G. § 3E1.1.[3] The three-level § 3E1.1 reduction dropped Petitioner's guideline range to 240 to 293 months. Without acceptance of responsibility, his guideline range would have been <u>324 to 405 months</u>. Because Petitioner *did* receive a full reduction for acceptance of responsibility—thereby reducing his guideline range by seven years—objecting on that point would have been both futile and frivolous. An attorney will not be deemed constitutionally ineffective for omitting a meritless objection. *See Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000).

Next, Petitioner claims that counsel was ineffective for failing to object that "Petitioner was entitled to another reduction pursuant to (USSG) 2D1.1 two level decrease where Amendment 782 was retroactive on drug quantity and quality." [Doc. 1, p. 8]. The Court has already dismissed this claim. In its May 2, 2018 order, the Court explained that Petitioner was sentenced after Amendment 782 went into effect and that the amendment's reduced offense levels had already been applied in this case. [Doc. 5]. This issue warrants no further discussion.

Lastly, Petitioner claims that his base offense level "should be (24) with less than 20 grams of methamphetamine" [doc. 1, p. 8] but offers no explanation for how this could

---

[3] Petitioner's citation to U.S.S.G. § 4B1.1 is erroneous. Guideline 4B1 is the career offender guideline. Petitioner was not sentenced as a career offender.

9

possibly be so. Petitioner signed a plea agreement and affirmed under oath that he conspired to distribute and possess with the intent to distribute "a conservative estimate" of at least 1.5 to 4.5 kilograms of methamphetamine. The base offense level of his PSR (36) corresponds to that admitted quantity. *See* U.S.S.G. §2D1.1(c)(2). Objection by counsel on this issue would have, again, been both futile and frivolous. *Harris*, 204 F.3d at 683.

For all these reasons, Claim Three will be denied.

### D. Claim Four

By his final claim, Petitioner contends that he was "'denied' plea sentencing transcripts by plea attorney upon request to perfect his grounds but counsel failed to send them to me and failed to send me any discovery." [Doc. 1, p. 9]. In support, Petitioner states that "it just came to my attention that prior's are used to enhance this sentence and prior's where not violent acts." [*Id.*, p. 10] (spelling and grammar as in original). Petitioner adds that "Amendments' and supplemental grounds, will be filed if the Court will allow discovery." [*Id.*] (punctuation as in original).

"[W]ith respect to criminal defendants seeking copies of their attorney's records after a conviction, 'no statute guides this analysis,' but such requests have been construed 'as requests for discovery.'" *United States v. Farrad*, No. 3:14-CR-110-TAV-DCP-1, 2018 WL 4939277, at *1 (E.D. Tenn. Aug. 29, 2018) (quoting *United States v. Turner*, No. 3:08-cr-141, 2016 WL 5887760, at *3 (S.D. Miss. Oct. 7, 2016)). Discovery in a § 2255 case may be authorized upon a showing of good cause. *See* Rule 6(a), Rules Governing

10

Section 2255 Proceedings. Also, the "party requesting discovery must provide reasons for the request." *See* Rule 6(b), Rules Governing Section 2255 Proceedings. Good cause is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate" that he is. . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)).[4] Rule 6, however, does not permit "a fishing expedition masquerading as discovery." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001) (§ 2254 petition).

Here, Petitioner articulates no nonfrivolous claim of attorney ineffectiveness and he identifies no specific facts allegedly contained in counsel's files that would be of assistance in obtaining relief on any such claim. Petitioner's mandatory minimum sentence was properly increased based on the United States' § 851 notice because "a prior conviction for *a felony drug offense* ha[d] become final." *See* 21 U.S.C. § 841(b)(1)(A) (2016) (emphasis added). Specifically, Petitioner's mandatory minimum was increased due to his 2003 Jefferson County, Tennessee, felony methamphetamine conviction. [Case No. 2:16-CR-055, doc. 246]. He was "enhanced" for that reason, and not due to a prior crime of violence as he now alleges. An objection by counsel on this issue would have been groundless.

As such, Petitioner has not shown good cause for discovery in this case. His desired § 851 claim is without merit. Beyond that, his unexplained and unspecified "amendments

---

[4] Although *Bracy* involved a § 2254 proceeding, "[p]recedents under § 2255 and under § 2254 may generally be used interchangeably." *United States v. Asakevich*, 810 F.3d 418, 423 (6th Cir. 2016) (quoting 3 Charles Alan Wright *et al*., Federal Practice and Procedure § 623 (4th ed. 2015)).

11

and supplemental grounds [which] will be filed if the Court will allow discovery" are plainly in the nature of a fishing expedition. The discovery process is not to be used for that purpose.

For these reasons, Claim Four will be denied.

### E. Motion for Appointment of Counsel and Evidentiary Hearing

The initial § 2255 motion in this case was accompanied by a "Motion for Appointment of Counsel and Evidentiary Hearing." [Doc. 2]. Therein, Petitioner explains that "an evidentiary hearing must be granted on perjured evidence and testimony after investigators … recent arrest." [*Id.*].

There is no constitutional right to counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (observing that the "right to appointed counsel extends to the first appeal of right, and no further"); *Foster v. United States*, 345 F.2d 675, 676 (6th Cir. 1965) (noting that the constitutional right to counsel does not extend to collateral proceedings). Even so, a district court has discretion, under 18 U.S.C. § 3006A(a)(2), to appoint counsel when "the interests of justice so require." *See Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). In exercising discretion as to whether to appoint counsel, a court should consider several factors, including the nature of the case, whether the issues are legally or factually complex, and the litigant's ability to present the claims for relief to the court. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).

As for an evidentiary hearing, under Rule 8 of the Rules Governing § 2255 Proceedings for the United States District Courts, the Court must determine based on a

review of the answer and the record whether an evidentiary hearing is required. A petitioner's burden in this regard is relatively light, but more is required than mere protestations of innocence. *Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007).

Here, Petitioner cites one basis for the appointment of counsel and an evidentiary hearing—the alleged misconduct of a law enforcement officer. As discussed earlier in this memorandum opinion, Petitioner has adequately presented that claim to the Court without the benefit of counsel, and the Court has found the issue to be without merit based on Petitioner's signed plea agreement and his sworn statements at the change of plea hearing. Petitioner has failed to offer any material facts that would justify the appointment of counsel or an evidentiary hearing in this case. His motion [doc. 2] will accordingly be denied.

IV.

*Conclusion*

For the reasons discussed in this Memorandum Opinion, Petitioner's § 2255 motion to vacate [Doc. 1] will be **DENIED** and **DISMISSED**. His "Motion for Appointment of Counsel and Evidentiary Hearing" [doc. 2] will also be **DENIED**.

V.

*Certificate of Appealability*

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must

"engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack*, 529 U.S. at 484. Having examined each of Petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that the dismissal of those claims was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

A separate judgment will enter.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge