UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:16-CR-055 |
| | ) | |
| STEVEN DWIGHT HOPKINS | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on the defendant's June 2020 *pro se* "Motion to Appoint Counsel for Compassionate Release Under First Step Act Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i); Please Grant Home Confinement or Conditional Release." [Doc. 982]. For the reasons stated below, the defendant's motion will be denied and dismissed without prejudice.

### I. BACKGROUND

In November 2016, the defendant pled guilty to conspiring to distribute and possess with the intent to distribute 50 grams or more of actual methamphetamine. In March 2017, the Court imposed a prison sentence of 240 months. According to the Bureau of Prisons, the defendant is presently incarcerated at FCI Manchester with a scheduled release date of May 19, 2033. *See* Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited June 30, 2020).

The defendant moves for immediate compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018. Citing the current COVID-19 pandemic, he asks for release based on high cholesterol, obesity, and family concerns. He also references Section 401 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat.

5194, which lowered enhanced mandatory minimum sentences for controlled substance offenses. The defendant also asks that an attorney be appointed to assist him in pursuing these avenues of relief.

## II. DISCUSSION

### A. Compassionate Release

Section 3582(c)(1)(A)(i) allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion on his behalf. *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

It is a defendant's burden to show that he has exhausted his administrative remedies under § 3582(c)(1)(a)(i). *See United States v. McDonald*, No. 94-cr-20256-1, 2020 WL

2

3166741, at *3 (W.D. Tenn. June 8, 2020). The present defendant concedes that he has not done so. [Doc. 982, p. 7] ("I respectfully ask this Honorable Court to please wave the exhaustion requirements."). Section 3582(c)(1)(A)(i)'s exhaustion requirement, however, "remains a mandatory condition." *Alam*, 960 F.3d at 833. The defendant's request for compassionate release must therefore be denied.

### B. First Step Act § 401

Next, section 401 of the First Step Act is of no benefit to the present defendant. Section 401's amendments do not apply to persons whose sentence had already been imposed prior to December 21, 2018. *See* First Step Act, § 401(c). As noted, the present defendant was sentenced in March 2017.

### C. Appointment of Counsel

There is no constitutional right to counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); *Foster v. United States*, 345 F.2d 675, 676 (6th Cir. 1965) (holding that the constitutional right to counsel does not extend to collateral proceedings). A district court has *discretion*, under 18 U.S.C. § 3006A(a)(2), to appoint counsel when "the interests of justice so require." In exercising discretion as to whether to appoint counsel, a court should consider several factors, including the nature of the case, whether the issues are legally or factually complex, and the litigant's ability to present the claims for relief to the court. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).

At this point, the compassionate release arguments presented to the Court do not appear complex, beyond the capability of an ordinary *pro se* litigant, or unfamiliar to the Court in any way. The defendant's request for appointment of counsel will accordingly be denied.

## III.  CONCLUSION

For the reasons stated herein, the defendant's motion [doc. 982] is **DENIED** without prejudice.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan<br>United States District Judge